DANIEL PETRELLI *v.* YOUNG WOMEN'S CHRISTIAN ASSOCIATION.

MALTBIE, C. J., HINMAN, AVERY, BROWN and JENNINGS, JS.

Argued April 6th—decided May 5th, 1938.

*Frank W. Daley,* with whom, on the brief, was *Nathan Reback,* for the appellant (plaintiff).

*Albert B. Walker,* for the appellee (defendant).

AVERY, J.   The plaintiff brought this proceeding for compensation, claiming that while in the employ of the defendant he strained his back and was thereby incapacitated.   The matter was heard before the commissioner, who made a finding and award denying the plaintiff's claim, and on appeal to the Superior Court the decision of the commissioner was affirmed and the plaintiff has appealed to this court.   The facts found by the commissioner so far as material to the questions of law involved are these: The plaintiff had been employed by the defendant about seven years and both parties were subject to the provisions of the Workmen's Compensation Act.   The plaintiff's work consisted of washing windows, cleaning floors, sweeping down stairs, polishing floors and carrying baggage and trunks.   On September 21st, 1937, at about 12.30 in the afternoon, the plaintiff, in the course of his employment, carried several heavy bags a distance of about forty or fifty feet from one of the rooms to the

defendant's office. He then felt a pain in his back and went downstairs and sat until about 3.30 p.m., when he went home. His usual time to stop work was 4 o'clock. He had experienced trouble with his back before and on a few occasions in the past had received compensation because of back strains sustained in his employment. He did not report to his employer at any time on September 21st, that he was experiencing pain in his back due to strain in his employment, nor did he report having sustained any accidental injury or notify the employer that he was leaving a half-hour earlier than usual. On the following day he did not report for work but caused his stepson to telephone the employer that he would be in on the next day. Shortly after receipt of this telephone message the defendant's superintendent, who was the plaintiff's immediate superior, went to his home and for reasons unconnected with his injury discharged him. The plaintiff did not then say anything about an injury but later in the day went to see a doctor who found that he had stiffness in his right sacroiliac region which was painful on pressure and on bending over from side to side and forward. The doctor treated the claimant and strapped his back. The commissioner further found that the claimant was not incapacitated from working because of any strain of his back sustained while carrying the bags on September 21st, 1937, that the plaintiff would have been able to return to his work for his employer and was anxious to do so if the employer would re-employ him, but that the employer for certain reasons felt that it could no longer give him employment, and the commissioner also found that the plaintiff's claim of total incapacity from the date of the alleged injury to the time of the hearing had not been proved.

The plaintiff appealed to the Superior Court claiming error in the finding and award of the commissioner

and in his refusal to make certain corrections in the finding. The Superior Court found that the claimant was not entitled to some of the corrections claimed and that the making of such corrections as he was entitled to would not justify any change in the result and dismissed the appeal. An examination of the evidence certified shows that no correction of the finding can be made whereby the position of the plaintiff will be materially advantaged.

The vital matter in this case is the finding of the commissioner that the plaintiff was not incapacitated by reason of any injury sustained while in the employment of the defendant. Unless the plaintiff can secure a change in this finding he cannot succeed upon this appeal. The plaintiff himself testified that he was ready to go to work on the second day after the injury and able to carry on his work. It appeared in evidence that on the day after the injury a representative of the defendant went to the plaintiff's home and found him in apparently as good health as he had been before and that he made no complaint of any injury; also that on the same day he sought to have the representative of the insurer intercede to get his job back for him. Two doctors testified that he had apparently suffered a back strain that might have incapacitated him for a short but indefinite time to do heavy work; but that opinion was necessarily based upon the history he gave them; he had had a weakened back since 1932 and one doctor testified that he could not do heavy work, but that the carrying of the bags might or might not have strained his back and that some little thing might have done it. The finding of the commissioner that the claimant was not incapacitated from working because of any strain he may have sustained while carrying the bags must be interpreted to mean that he was not incapacitated

from doing the same kind of work he had been capable of doing before. This conclusion is one which the commissioner could reasonably reach and would sustain his award that the claimant was not entitled to compensation.

There is no error.

In this opinion the other judges concurred.